IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GLOBAL MANUFACTURING AND ENGINEERING, INC. | § § § | PLAINTIFF/COUNTER-DEFENDANT |
| v. | § § | CAUSE NO. 1:04CV761 |
| DUO-DENT DENTAL IMPLANT SYSTEMS, INC. | § § § | DEFENDANT/COUNTER-PLAINTIFF |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Plaintiff/Counter-Defendant's Motion for Partial Summary Judgment [64], filed January 20, 2006. The Defendant/Counter-Plaintiff has filed a response, and there has been a reply. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be denied.

DISCUSSION

PROCEDURAL HISTORY:

This is a breach of contract action, in which both parties allege that the other breached the contract between them for goods manufactured by Global Manufacturing and Engineering, Inc., ("Global") and shipped to Duo-Dent Dental Implant Systems, Inc. ("Duo-Dent") in 2004. The Court has previously entered an Order adjudicating a jurisdictional motion filed by the Defendant pursuant to Fed. R. Civ. P. 12(b)(2) [doc. #47]. In that Order, the contract at issue was described as follows:

> The parties began negotiations in 2002, and entered into a Confidential Disclosure Agreement to protect the confidentiality of the design data necessary for Global to "quote a service fee for producing the Duo-Dent Implant parts and components." (Ex. "B" to Defendant's Motion). This Confidential Disclosure Agreement contained a venue and choice of law provision placing venue in Du Page County, Illinois. *Id.* The parties have not provided a document which

quotes a service fee for producing the parts.  Defendant nevertheless asserts that such a document exists, and it was on Defendant's acceptance of this "offer," in Illinois, that the operative contract was formed.  Global appears to allege that there was no formal offer or acceptance until the Defendant sent a series of three Purchase Orders to Global in 2003-2004.  Global therefore contends that the operative contract(s) were formed when Global accepted the Defendant's Purchase Orders.

The parties went forward with their business relationship, which quickly soured in 2004 when Global was unable to supply Duo-Dent with the parts it needed in the sequence required.  In turn, Duo-Dent could not supply its product to prospective purchasers, experienced funding shortfalls, and did not pay Global's invoices.

In this Motion, Global contends that it is entitled to summary judgment in the amount of $131,250.40 on its claim for breach of contract because Duo-Dent's manager acknowledged in his deposition that Duo-Dent owed money to Global for the manufactured parts and components actually received by Duo-Dent.  Alternatively, Global contends that under Mississippi statute, it is entitled to $131,250.40 as payment for delivered goods which were accepted by Duo-Dent, citing Miss. Code §§ 75-2-607(1), 75-2-608 and 75-2-507.  Global also asserts that under the doctrine of *quantum meruit*, it is entitled to an unspecified sum to compensate it for research and development it conducted on behalf of Duo-Dent.

THE LEGAL STANDARD:

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes

demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).  "The Court is not the factfinder on summary judgment, but may only determine if issues are to be tried."  *Smith v. H.C. Bailey Companies*, 477 So.2d 224, 234 (Miss. 1985), *citing* Rule 56, MRCP.

BREACH OF CONTRACT:

The evidence provided by the parties shows that there is at least one question of material fact for the jury on the issue of breach of contract.  Although the parties now seem to agree that the purchase orders constitute the contract at issue, there is disagreement as to what the parties' responsibilities were under the contract.  Global contends that Duo-Dent breached the contract by failing to pay for the shipped components, and Duo-Dent does agree that it owes some amount.  Global relies heavily on a September 16, 2004 email in which Duo-Dent's manager stated "I want you to know that I will pay you period.  It might not be the way you had expected, but you will get paid." (Global's Exh. "B," pg. 72-73).  The manager also stated in deposition "I believe that [Global] manufactured products - or components for me, and I'm sure there are dollars owed.  The extent to which those dollars are I have not completely identified." *Id.*

However, Duo-Dent presents evidence that the timing of its receipt of components was an integral part of the agreement.  (Ex. 1 to Duo-Dent's Response, pgs 4,5).  Duo-Dent therefore contends that Global breached the contract first by shipping the components in such a way that

Duo-Dent could not use them in its assembly process. *Id.* The Court therefore concludes that a jury must make a factual determination of what the terms of the contract were, and how it may have been breached. *See Diogenes Editions, Inc. v. State By and Through Bd. of Trustees of Institutions of Higher Learning,* 700 So.2d 316, 320 (Miss. 1997). The evidence submitted by the parties falls short of showing that Global is entitled to judgment as a matter of law on the issue of breach of contract.

STATUTORY CLAIM:

Global alleges that Duo-Dent accepted Global's components when they were shipped, thereby obligating Duo-Dent to pay the contract price under Miss. Code Ann. § 75-2-607(1).[1] Duo-Dent contends that it never "accepted" the components, but rather contested the manner in which they were arriving. (Defendant/Counter-Plaintiff's Exhibit 1, pg. 6). The manager states that he "informed [Global] that I could not pay for the components because the order in which I was receiving parts prevented me from completing the kits, thus preventing me from selling the kits for a profit." *Id.* He states that as time when on, "I continued to inform [Global] that I would not pay for the components I could not use." *Id.* It appears to the Court, therefore, that there is a question of material fact as to whether Duo-Dent "accepted" the components, making summary judgment on this statutory claim inappropriate.

QUANTUM MERUIT:

"In order to prove the validity of a *quantum meruit* claim, the plaintiff must first show that it was reasonable for him to expect compensation." *Watson v. North Panola School Dist.,*

---

[1] This provision states that "the buyer must pay at the contract rate for any goods accepted."

2005 WL 2416343, *5 (N.D.Miss. 2005), citing *Estate of Adkins,* 513 So.2d 922, 926 (Miss. 1987).  Where Global alleges that it performed research and development work for Duo-Dent, for which it did not receive compensation, Duo-Dent asserts that it "was at all times represented" that the drawing work performed by Global "was being done free of charge." (Defendant/Counter-Plaintiff's Exhibit 1, pg. 7).  It is not clear from the evidence presented by the parties whether it was reasonable for Global to expect compensation for the drawing work from Duo-Dent.  The Court therefore concludes that this conflict in the evidence shows that there is a question of material fact for the jury on the issue *quantum meruit*, making summary judgment inappropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Plaintiff/Counter-Defendant's Motion for Partial Summary Judgment [64] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE